E. J. MILLER AND JOHN F. SCHONERT, *as Partners, etc.,* v. JAMES H. DEMORY.

No. 12,298.   (67 Pac. 1105.)

SYLLABUS BY THE COURT.

CITIES AND CITY OFFICERS—*License Tax—Ordinance Construed.* A city ordinance imposed a license tax upon "various callings, trades, occupations, and professions." In the list is found the item "all other retailers." Nowhere else in the ordinance is there any specific mention of retailers of any kind, to which this item "all other retailers" could refer. *Held,* that by this item a license tax is not imposed upon one who retails harvesting machines, because, as to him, it is too vague and uncertain to be administered. *Held, further,* that under the above circumstances the item "all other retailers" does not indicate a calling, trade, occupation, or profession, and hence they are not within the scope of the ordinance.

Error from Sumner district court; W. T. MCBRIDE, judge. Opinion filed March 8, 1902. Reversed.

*Ready & Ready,* for plaintiffs in error.

*H. L. Woods,* for defendant in error.

The opinion of the court was delivered by

CUNNINGHAM, J. :  Plaintiffs in error were engaged in the blacksmith business in the city of Wellington, and, in connection therewith, sold reaping-machines, called the Milwaukee self-binder, some of which were sold on commission, and others, purchased by them direct, were sold on their own account.   One of these machines was so sold to the defendant in error on June 20, 1898.   An action was brought for the price thereof on December 8, 1898.   Upon the trial of the action, and as a defense thereto, the defendant claimed that the plaintiffs had not, at the time of the sale of the binder to him, paid the license tax levied upon their occupation by an ordinance of the city of Wellington, and hence, having violated such ordinance in making such sale, could not recover.   The court found this contention in the defendant's favor, and rendered judgment against the plaintiffs for costs.   Plaintiffs in error contend that there was no valid ordinance levying any occupation tax upon them.   This leads us to an examination of the ordinance.   Its title is as follows :

"An ordinance providing for the levy and collection of a license tax upon various callings, trades, occupations and professions pursued or carried on in the city of Wellington, Kan."

It prohibits, under penalty, the carrying on of "callings, professions, trades and occupations" as therein enumerated, and follows with sixty-four different specifications of these callings, trades, etc.   Number 40 of this list, the one under which it is claimed plaintiffs fall, is as follows :  "All other retailers, five dollars."   Nowhere in the ordinance, either before or after this item, are retailers of any kind mentioned.

Item No. 36 is "hay or feed dealers"; item 38 is "produce or poultry dealers." This comes the nearest to mentioning retailers of any kind of any of the items contained in the ordinance, but those terms do not necessarily mean retail dealers. By them a license is imposed upon any dealer, wholesale as well as retail. Item 31 is "butchers or meat-markets," which by its terms imposed a tax on an occupation, to wit, butchers, and upon a place or location, to wit, meat-markets.

The rule of *ejusdem generis* requires us to read into item 40 the word "like," so that, after reading items preceding item 40, we would be required to read that item, "all other like retailers"; but a retailer is, in abstract signification, not a calling, profession, trade, or occupation, and hence does not fall within the penal portion of the ordinance. We are left in a maze of doubt and uncertainty as to whom is meant by the terms "all other retailers," or "all other like retailers." Nowhere else in the ordinance is there contained any indication whatever of a purpose to levy an occupation tax upon any person engaged in what is generally known as retail business. No retail merchant of any kind, selling goods of any character, is designated therein, and no one, we feel assured, in reading this ordinance in its entirety would connect the business of selling harvesters with that indicated in item 40. We think, so far as this item is concerned, the ordinance is too vague, indefinite and uncertain to be administered. "It is manifest that an ordinance must be certain and definite in order to be reasonable. Accordingly the courts have often held ordinances void as being vague and indefinite." (Beach, Pub. Corp. § 515.)

It does not seem to require the citation of authority

Anderson v. Bank.

to sustain the proposition that one cannot be made to respond as a criminal for the infraction of a municipal by-law, except that by-law be of a character sufficiently certain and definite to apprise the ordinary man of the character and quality of the offense thereby created.   This we do not think the ordinance in question did, and we are constrained to hold that, so far as the business of the plaintiffs in error is concerned, it did not lay upon them an enforceable license tax, and consequently that they were not reprehensible in not having paid such tax, and that the court was in error in excusing the defendant from the payment of a debt which he owed them on this account.

The judgment of the court below will be reversed and the case remanded for further proceedings.

SMITH, GREENE, JJ., concurring.